Traeger Machetanz, Esq.
Renea I. Saade
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel:  (907) 258-0106
Fax:  (907) 258-5519

Attorneys for Plaintiffs
Cape Fox Corporation
APM, LLC and 1CI

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| CAPE FOX CORPORATION an Alaska Corporation; APM, LLC an Alaska Limited Liability Company; and 1CI a Delaware Corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG JACKSON; TOWNSEND JACKSON; ADVANCE BUSINESS MANAGEMENT SERVICES, INC., a Nevada Corporation; SANDERS ENGINEERING, CO., INC., a California Corporation; and BUTLER MARKETING & CONSULTING GROUP, INC., a Virginia Corporation;<br><br>Defendants. | Case No. 3AN-_06050_ CI |

## PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND MONEY DAMAGES

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No. 06050 CI
P:TM JCR (LJV) Complaint 602210 120380005.docx

Page 1 of 18

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Exhibit 1, Page 1 of 18

Cape Fox Corporation ("CFC"), APM, LLC ("APM") and 1CI, by and through their counsel, Oles Morrison Rinker & Baker, LLP, for their complaint in this matter allege, state and claim as follows:

## I. PARTIES

1. Plaintiff CFC is a corporation organized and existing under the laws of the State of Alaska. CFC has performed all conditions precedent to the maintenance of this action.

2. CFC is and has been the 55% majority member of APM, LLC ("APM") at all times pertinent to this complaint.

3. Plaintiff APM is a limited liability company organized and existing under the laws of the State of Alaska. CFC and APM have performed all conditions precedent to the maintenance of this action by APM.

4. Plaintiff 1CI is a corporation organized and existing under the laws of the State of Delaware. 1CI has performed all conditions precedent to the maintenance of this action.

5. Defendant Sanders Engineering Co., Inc. ("SEC") is a corporation organized and existing under the laws of the State of California, entity number C1211832, and maintains an office at 22405 La Palma Ave, Yorba Linda CA 92887.

6. Upon information and belief defendant Advance Business Management Services, Inc. ("ABMS") is a corporation organized and existing under

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.                    Page 2 of 18

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Page 2 of 18  Exhibit 1, Page 2 of 18

the laws of the state of Nevada and maintains an office at 1555 East Flamingo Road Suite 155, Las Vegas NV 98119.

7. Defendant Butler Marketing & Consulting Group, Inc., ("Butler") is a corporation organized and existing under the laws of the State of Virginia, corporate ID No. 06698641, and maintains an office at 1393 Font Hill Road, Heathsville VA 22473.

8. Upon information and belief defendant Craig Jackson is an individual residing in the State of California. Craig Jackson is the former Chief Executive Officer ("CEO") of APM. He is currently the President, Treasurer and owner of SEC. Craig also maintains ownership or control of both ABMS and Butler.

9. Upon information and belief defendant Townsend Jackson is an individual residing in the State of California. Townsend Jackson is the former CEO of APM. He is also the brother of Craig Jackson.

## II. JURISDICTION & VENUE

10. This Court has jurisdiction over the action and the parties.

11. Key events which gave rise to this Complaint occurred in Alaska.

12. Defendants either maintain an office, have sufficient contacts or have reached into the State for the purpose of doing business.

## III. PARTIES' CONTRACTS

13. <u>The Promissory Note:</u> On or about December 21, 2004 Craig Jackson allegedly loaned $1.947 million to APM. A promissory note was created which

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No
Page 3 of 18

Case 3:10-cv-00080-RRB Document 1-2 Filed 04/22/10 Page 3 of 18 Exhibit 1, Page 3 of 18

identified the borrower as APM and was signed by Townsend Jackson. However, the note concealed the true identity of the lender. The note states that the money came from ABMS rather than Craig Jackson.

14. <u>The Financial Recording & Reporting Agreement</u>: On or about March 4, 2004, APM entered into a Financial Recording and Reporting Service Agreement with SEC. It was entered into based on purported mutual interests. The agreement contained an indemnity clause in which SEC agreed to indemnify and hold APM harmless from any disputes arising from or related to the agreement. Among other things, SEC agreed to handle and maintain the accounting records, assist in future financial planning, periodically audit the book of accounts and manage the bank accounts. SEC received a 2.75% fee based on the revenue of APM excluding the fence and equipment divisions. The agreement was signed by Craig Jackson on behalf of APM as managing member and by Sandra Jackson (Craig Jackson's wife) on behalf of SEC as Executive Vice President. To date SEC has charged $6.63 million in fees on the contract.

15. <u>The Management Services Agreement:</u> On or about January 1, 2005 APM entered into a management services agreement ("MSA") with ABMS in which ABMS agreed to provide management services to APM. The agreement contained an indemnity clause in which ABMS agreed to indemnify and hold APM harmless from any disputes arising from or related to the agreement The MSA provided that ABMS would provide the following services to APM: financial, human resource

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.

Page 4 of 18

Case 3:10-cv-00080-RRB Document 1-2 Filed 04/22/10 Page 4 of 18 Exhibit 1, Page 4 of 18

management, administrative support & marketing, and other services necessary in the ordinary course of business. The fee for these services was 45% of the net income of the company. As part of its contract ABMS agreed to comply with government provisions and requirements in connection with federal contracts. The MSA was signed by Bruce Borup on behalf of CFC and APM, and by Craig Jackson on behalf of ABMS. To date ABMS has charged $2.96 million in fees on the contract.

16.  <u>The Strategic Alliance Agreement</u>: On or about March 1, 2005 APM entered into a Strategic Alliance Agreement with Butler for the purpose of acquiring and performing construction contracts, including but not limited contracts with United States government agencies. The agreement was signed by Townsend Jackson on behalf of APM and Arnette Butler (Craig Jackson's sister) on behalf of Butler. To date Butler has charged $6.64 million in fees on the contract.

## IV. ADDITIONAL FACTUAL BACKGROUND RELATED TO ALL CLAIMS

17.  APM's business consists primarily of government contracts awarded under the United States Small Business Administration 8(a) program.

18.  CFC's business consists primarily of government contracts.

19.  1CI's business consists primarily of government contracts.

20.  The United States Small Business Administration (SBA) administers the 8(a) program to help small business owned and controlled by socially and economically disadvantaged individuals. Socially and economically disadvantaged

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.          Page 5 of 18
P-TM JCR (JJM) Complaint 032210 120390009.docx

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Page 5 of 18 Exhibit 1, Page 5 of 18

firms may be awarded Federal contracts on a sole-source basis under the SBA 8(a) program.

21. To be accepted into the 8(a) program the SBA must make an initial size determination to certify the firm as a small business. Revenue of affiliate companies is considered by the SBA in determining whether the firm meets the applicable size standard. Affiliates include companies that have common management, or a common business interest in the firm.

22. Once accepted, an applicant to the 8(a) program must execute a Participation Agreement accepting the terms and conditions of the program in exchange for its benefits. The Participation Agreement mandates that any management agreements relating to the performance of 8(a) awarded contracts be pre-approved by the SBA. It also requires participants to submit semi-annual reports and annual updates to the SBA including, among other things, a listing of affiliates, a record of all payments, compensation and distributions made to its owners, officers, directors or any person or entity affiliated with the firm. In addition, program applicants and participants must be truthful in their dealings in their dealings with the SBA. Failure to abide by the terms of the Participation Agreement is cause for termination from the 8(a) program. SBA regulations also require 8(a) participants to inform the SBA of any changes that may affect eligibility for the program.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
*Cape Fox Corp. et al.*, v. *Craig Jackson et. al.*, Case No.

Page 6 of 18

23. 1CI is a minority and veteran owned company that was 8(a) certified. Craig Jackson gave instructions to his cousin, Anthony Falls, which ultimately caused 1CI to be suspended from federal contracting. Craig Jackson secretly operated 1CI for his personal gain and benefit. He also concealed his role in the management and control of 1CI from CFC in bad faith. The suspension from federal contracting will devastate 1CI's business.

24. APM was accepted into the 8(a) program in November 2003 while under Craig Jackson's management. In December 2004, Craig Jackson resigned as manager of APM and placed his brother, Townsend Jackson (together the "Jacksons") in the position of CEO of APM. Between 2003 and 2006 APM was awarded more than $383 million of sole-source and competitively awarded 8(a) contracts.

25. APM entered into the MSA, the Financial Reporting and Recording Agreement and the Strategic Alliance agreement (collectively the "Agreements") under the management and control of the Jacksons. The Jacksons controlled all three entities and acted in concert to skim fees away from APM and in violation of government regulations. For example, Arnette Butler even admitted to the SBA that, although she was the President of Butler, she had no involvement with the company other than depositing checks. Ms. Butler represented to the SBA that Craig Jackson managed the company. Jackson controlled entities received substantial fees pursuant to the Agreements.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp et al., v. Craig Jackson et al., Case No.
P-TM JCR (JJV) Complaint 032210 120390008.docx

Page 7 of 18

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Page 7 of 18   Exhibit 1, Page 7 of 18

26. The Jacksons did not submit any of the Agreements to the SBA for approval as required by the Participation Agreement because doing so would disqualify APM from 8(a) contract awards and as a result Jackson controlled entities would lose fees. To date, companies owned and controlled by the Jacksons have charged over $13 million in fees related to 8(a) contracts awarded to APM.

27. Following a regular audit, in August of 2008, the SBA Inspector General decided to terminate APM from the 8(a) program after finding that the Jacksons conspired to hide APM's ineligibility for the 8(a) Program by: (a) failing to disclose the extensive list of affiliate companies owned or controlled by the Jackson's, and (b) concealing Craig Jackson's level of ownership and influence in APM. Specifically, the audit report found that Craig Jackson and Townsend Jackson submitted a false promissory note to support a $1.9 million loan from a non-native manager. The SBA also found that Craig Jackson's one time ownership interest in APM was in violation of SBA 8(a) regulations.

28. Subsequently, on or about September 23, 2009, Plaintiffs learned the following parties, along with other Jackson controlled entities had been suspended from federal contracting by the United States Department of the Air Force: APM, 1CI, Butler, SEC, ABMS, Arnette Butler, Craig Jackson, Sandra Jackson and Townsend Jackson. The suspension is pending a criminal investigation.

29. In its suspension letter the Air Force stated that Craig Jackson engaged in a scheme of establishing various small businesses owned by friends and

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.
P-TM JCR (JJV) Complaint 032210 120390005.docx
Page 8 of 18

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Page 8 of 18   Exhibit 1, Page 8 of 18

family, that in effect were controlled by either Craig Jackson or companies controlled by Craig Jackson. The various small businesses then applied for inclusion into the 8(a) program to benefit from sole-source contracting, and diverted significant percentages of their earnings back to Craig Jackson and/or companies owned or controlled by Craig Jackson and/or his family.

30. The Air Force suspension was based on a finding of adequate evidence that the Jacksons, by and through the suspended companies, committed fraud or criminal offenses in connection with obtaining and performing public contracts through the 8(a) program including committing falsification of records and making false statements.

31. The fraudulent, criminal or seriously improper conduct of the Jacksons was imputed to APM because of their positions in senior management; and to the other suspended companies where the Jacksons maintained active control. The imputation of the Jacksons' conduct provided a separate and independent basis for each of their suspensions.

32. The Jacksons' diversion of funds for their own financial interest and violation of federal regulations is in contravention to their former employment agreements, the APM Operating Agreement and the Agreements with Plaintiffs.

33. The Jackson controlled entities: ABMS, SEC and Butler have also acted in contravention to the Agreements, the common law and their duties as managers.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No. Page 9 of 18

34. As a result of the Jacksons' actions, APM is facing financial ruin. APM may finish up the current federal contract awards it has, but can no longer bid on new federal government contract. It is effectively now barred from engaging in its primary line of business due to the suspension from government contracting. Moreover, the legal fees associated with appealing the suspension are significant.

35. As a result of the Jacksons' actions the government has issued a notice to show cause to CFC why it should not be suspended from federal contracting. CFC is incurring significant legal fees in defending the notice to show cause.

36. CFC has also been forced to defend Townsend Jackson for his improper actions and has incurred significant legal fees in defending him. CFC continues to face further fees in his defense.

37. As a result of the Jacksons' actions 1CI is also facing financial ruin.

### V. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### BREACH OF FIDUCIARY DUTY AGAINST CRAIG JACKSON

38. Plaintiffs hereby re-allege paragraphs 1 through 37 as though fully set forth herein.

39. Craig Jackson has breached his fiduciary duties to plaintiffs in failing to comply with the APM operating agreement, his employment agreement with APM, the Agreements, and the common law by failing to disclose numerous instances of

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.
P. TM JCR (JJV) Complaint 032210 120390005.docx

Page 10 of 18

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Page 10 of 18
Exhibit 1, Page 10 of 18

self-dealing, putting his financial self-interest above the financial interest of plaintiffs and by concealing the true ownership of 1CI from CFC.

40. As a result of Craig Jackson's multiple breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST CRAIG JACKSON

41. Plaintiffs hereby re-allege paragraphs 1 through 40 as though fully set forth herein.

42. Craig Jackson has breached his contract with the parties by acting in contravention to the APM operating agreement, the Agreements and the common law, and by concealing the true ownership of 1CI from CFC.

43. As a result of Craig Jackson's multiple breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial. Plaintiffs also request reimbursement of all attorney's fees and other associated costs and fees incurred related to the defense of Townsend Jackson against the government.

## THIRD CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION AGAINST CRAIG JACKSON

44. Plaintiffs hereby re-allege paragraphs 1 through 43 as though fully set forth herein.

45. Craig Jackson has made fraudulent and material misrepresentations that justifiably induced plaintiffs to enter into the Agreements. Specifically, Craig

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al. v. Craig Jackson et. al., Case No.     Page 11 of 18

Jackson represented to plaintiffs that he would: (a) use his best business judgment in managing APM for the best interest of the company; and (b) comply with federal regulations. Both of these representations were material to CFC's decision to enter into the Agreements.

46. At the time Craig Jackson made these representations, he had no intention of abiding by these representations, which he knew were material inducements to plaintiffs in entering into the Agreements.

47. Craig Jackson knowingly and intentionally failed to fulfill each of these representations.

48. As a result of Craig Jackson's fraudulent misrepresentations, plaintiffs have suffered and continue to suffer damages in an amount in excess of $3 million, the exact amount of which will be proven at trial.

## FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY AGAINST TOWNSEND JACKSON

49. Plaintiffs hereby re-allege paragraphs 1 through 48 as though fully set forth herein.

50. Townsend Jackson has breached his fiduciary duties to plaintiffs in failing to comply with his former employment agreement with APM, the APM Operating Agreement, and the common law by failing to disclose numerous instances of self-dealing, and in putting his financial self-interest above the financial interest of plaintiffs.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.
P-TM JCR (JJV) Complaint 032210 120390008 docx

51. As a result of Townsend Jackson's multiple breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial. Plaintiffs also request reimbursement of all attorney's fees and other associated costs and fees incurred relation to defending Townsend Jackson against the government suspension.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST TOWNSEND JACKSON

52. Plaintiffs hereby re-allege paragraphs 1 through 51 as though fully set forth herein.

53. Townsend Jackson has breached his contract with plaintiffs by acting in contravention to his employment agreement with APM, and the common law.

54. As a result of Townsend Jackson's multiple breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial. Plaintiffs also request reimbursement of all attorney's fees and other associated costs and fees incurred relation to defending Townsend Jackson against the government suspension.

## SIXTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION AGAINST TOWNSEND JACKSON

55. Plaintiffs hereby re-allege paragraphs 1 through 54 as though fully set forth herein.

56. Townsend Jackson has made fraudulent and material misrepresentations that justifiably induced the plaintiffs to enter into the Agreements. Specifically, Townsend Jackson represented to plaintiffs that he would (a) use his

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.
Page 13 of 16

Case 3:10-cv-00080-RRB Document 1-2 Filed 04/22/10 Page 13 of 18 Exhibit 1, Page 13 of 18

best business judgment in managing APM for the best interest of the company; and (b) comply with federal regulations. Each of these representations was material to plaintiffs' decisions to enter into the Agreements.

57. At the time Townsend Jackson made these representations, he had no intention of abiding by these representations, which he knew were material inducements to plaintiffs in entering into the Agreements.

58. Townsend Jackson knowingly and intentionally failed to fulfill each of these representations.

59. As a result of Townsend Jackson's fraudulent misrepresentations, plaintiffs have suffered and continue to suffer damages in an amount in excess of $3 million, the exact amount of which will be proven at trial.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST ABMS

60. Plaintiffs hereby re-allege paragraphs 1 though 60 as though fully set forth herein.

61. ABMS has breached its contract with APM by acting in contravention of the MSA. ABMS had a duty to indemnify and hold APM harmless under the contract. Additionally, under section 9.1 of the MSA, as Manager of APM, ABMS agreed to comply with government provisions and requirements in connection with federal contracts in which the company is a prime or subcontractor.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al , Case No. Page 14 of 18
P-TM JCR (JJV) Complaint 032210 120390008 docx

Case 3:10-cv-00080-RRB   Document 1-2   Filed 04/22/10   Page 14 of 18   Exhibit 1, Page 14 of 18

62. ABMS breached the agreement by refusing or failing to comply with SBA 8(a) regulations in contravention to the MSA. ABMS breached the agreement by failing to indemnify and hold APM harmless.

63. As a result of ABMS' multiple material breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial.

64. Additionally, ABMS must disgorge any compensation or fees it has received for performing work related to the SBA 8(a) program.

## EIGTH CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST SEC

65. Plaintiffs hereby re-allege paragraphs 1 though 64 as though fully set forth herein.

66. SEC has breached its contract with plaintiffs by acting in contravention of the Financial Recording and Reporting Agreement between the parties. SEC had a duty to indemnify and hold APM harmless under the contract.

67. SEC failed to indemnify and hold APM harmless.

68. As a result of SEC's multiple material breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial.

69. Additionally, SEC must disgorge any compensation or fees it has received for performing work related to the SBA 8(a) program.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.    Page 15 of 18

## NINTH CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST BUTLER

70. Plaintiffs hereby re-allege paragraphs 1 through 69 as though fully set forth herein.

71. Butler has breached its contract with plaintiffs by acting in contravention of the Strategic Alliance Agreement between the parties.

72. As a result of Butler's multiple material breaches of contract, plaintiffs have suffered, and continue to suffer damages in an amount in excess of $3 million, the exact amount which will be proven at trial.

73. Additionally, Butler must disgorge any compensation or fees it has received for performing work related to the SBA 8(a) program.

## TENTH CAUSE OF ACTION
## DECLARATORY RELIEF AGAINST CRAIG JACKSON AND ABMS

74. Plaintiffs hereby re-allege paragraphs 1 through 73 as though fully set forth herein.

75. A dispute has arisen between the parties regarding the enforceability of the promissory note.

76. Plaintiffs seek declaratory judgment against Craig Jackson and ABMS that: (a) the Jacksons and ABMS executed the promissory note for the improper purpose of deceiving APM and the SBA; (b) the promissory note was not supported by consideration; (c) there is no evidence the funds were issued to APM; and (d) the

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et al., Case No.
Page 16 of 18

aforementioned conduct renders the promissory note invalid, particularly with respect to APM's obligation to repay any amounts due on the note.

## VI. PRAYERS FOR RELIEF

WHEREFORE, plaintiffs pray for the following declaratory relief:

1. Declaratory judgment against Craig Jackson and ABMS that: (a) the Jacksons and ABMS executed the promissory note for the improper purpose of deceiving APM and the SBA; (b) the promissory note was not supported by consideration; (c) there is no evidence the funds were issued to APM; and (d) the aforementioned conduct renders the promissory note invalid, particularly with respect to APM's obligation to repay any amounts due on the note.

WHEREFORE, plaintiffs pray for the following relief:

1. Judgment against Craig Jackson for breach of fiduciary duty in an amount to be proven at trial.

2. Judgment against Craig Jackson for fraudulent misrepresentation in an amount to be proven at trial.

3. Judgment against Craig Jackson for breach of contract, in an amount to be proven at trial.

4. Judgment against Townsend Jackson for breach of fiduciary duty.

5. Judgment against Townsend Jackson for negligent misrepresentation, in an amount to be proven at trial.

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.
Page 17 of 18

Case 3:10-cv-00080-RRB Document 1-2 Filed 04/22/10 Page 17 of 18 Exhibit 1, Page 17 of 18

6. Judgment against Townsend Jackson for breach of contract, in an amount to be proven at trial.

7. Judgment against ABMS for breach of contract, in an amount to be proven at trial.

8. Judgment against SEC for breach of contract, in an amount to be proven at trial.

9. Judgment against Butler for breach of contract, in an amount to be proven at trial.

10. Judgment against Defendants for reasonable attorneys' fees and costs in prosecuting this action.

11. For such other and further relief as the Court deems just and proper.

Dated in Anchorage, Alaska, this ____ day of March, 2010.

OLES MORRISON RINKER & BAKER LLP
Attorneys for Cape Fox Corporation
APM, LLC and 1CI

By: _____
Traeger Machetanz
Alaska Bar No. 8411127
Renea I. Saade
Alaska Bar No. 0911060

Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages
Cape Fox Corp. et al., v. Craig Jackson et. al., Case No.
P-TM JCR (JJV) Complaint 032210 120380005.docx

Page 18 of 18